IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW JONES,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civil Action No. 19-1198-RGA
                                        :
KATHRYN JONES and                       :
RACHELLE CUTRONA,                       :
                                        :
            Defendants.                 :

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

Rachelle R. Cutrona, Esquire, and Tiffany Anne Poole, Esquire, Poole, Mensinger, Cutrona & Ellsworth-Aults, Wilmington, Delaware. Counsel for Rachelle R. Cutrona.

**MEMORANDUM OPINION**

November 7, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on June 25, 2019. (D.I. 2). Defendant Rachelle Cutrona filed a motion to dismiss and an amended motion to dismiss, opposed by Plaintiff. (D.I. 5, D.I. 6, D.I. 7). The Court proceeds to review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff resides in Greenwood, Delaware. (D.I. 2 at 1). Plaintiff alleges that on November 6, 2014, Defendant Kathryn Jones, through her attorney, Rachelle Cutrona, filed a lawsuit against him in the Delaware Family Court, Case No. N14J-04433. (*Id.* at 2). He alleges that judgment was entered against him one day later. (*Id.*). Plaintiff alleges that he was never notified that a case had been filed against him, that he needed to appear in court, or that judgment was entered against him. (*Id.*). Plaintiff alleges that he does not know Jones and has no legal relationship with her. (*Id.*).

Plaintiff alleges fraud, theft, and denial of his right to legal procedure and due process by Defendants, all in violation of 18 U.S.C. §§ 1028 and 1341, the Sixth and Fourteenth Amendments of the United States Constitution, the Federal Rules of Civil Procedure, and § 3103 of the Delaware Code. (*Id.* at 3-4). Plaintiff alleges that as a result of the judgment he has suffered serious damage to his finances, credit and reputation. (*Id.* at 5). He seeks $100,000 in compensatory damages. (*Id.*).

Defendant moves to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (D.I. 5, D.I. 7).

1

## LEGAL STANDARDS

**Screening under 28 U.S.C. § 1915(e)(2).** A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Dismissal under Rule 12(b)(6).** Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). "A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum*, 361 F.3d at n.3 (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## DISCUSSION

**42 U.S.C. § 1983**. It appears that Plaintiff attempts to raise claims under 42 U.S.C. § 1983 for violations of his constitutional rights. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, mere negligence in and of itself does not violate one's constitutional rights. *See e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330-30 (1986).

If Plaintiff's intent is to raise a § 1983 claim, the claim fails for several reasons. First, neither Defendant is a state actor; one is a plaintiff in a lawsuit seeking child support, and the other is her attorney.

Second, to the extent Plaintiff alleges Defendants were negligent, the claim is not cognizable under § 1983.

Third, the § 1983 claim is time barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). The Complaint alleges constitutional violations occurred on November 6 and 7, 2014. Plaintiff did not file this action until June 25, 2019. Hence, the § 1983 claims are time-barred.

**Federal Criminal Statutes**. Plaintiff alleges Defendants violated federal criminal statutes, to wit, 18 U.S.C. § 1341 and § 1028. To the extent Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

5

**Federal Rules of Civil Procedure.** Plaintiff alleges that Defendants violated Rules 4, 5, and 36 of the Federal Rules of Civil Procedure. (*See* D.I. 2 at 4) These Rules provide no basis for a claim. The child support case was filed in state court, not federal court. As a result, the Federal Rules of Civil Procedure are inapplicable.

**Motion to Dismiss.** Cutrona moves for dismissal on the grounds that the Complaint fails to state a claim upon which relief may be granted. Cutrona provides an October 22, 2014 Permanent Arrears/Contempt Support Order entered against a Matthew Jones who resides in Middletown, Delaware. (D.I. 7-2 at 6) Cutrona states that the judgment was properly secured against a Matthew Jones "who is not Plaintiff." (*Id.* at 1). The judgment is marked satisfied as of August 28, 2019. (*Id.* at 6). Cutrona argues that Plaintiff can prove no set of facts that would entitle him to relief given that the Complaint is based upon a judgment that was not secured against him.

Plaintiff concedes that the Family Court case was against a different Mathew Jones (D.I. 6 at 1), but states that it is irrelevant that the October 22, 2014 Order provides a Middletown, Delaware address and a birthdate of another Matthew Jones because his address appears for C.A. No. N14J-04433 on "Docket Report" results returned when his name is run. (See D.I. 6 at 2, 6). Plaintiff argues that the Court docket listing his address, and not the Middletown, Delaware address, has damaged his credit and caused him harm. (*Id.*) Plaintiff does not state in his Complaint that either Plaintiff entered his address on the Family Court docket, and does not allege why either Plaintiff should be responsible for the results of a name search of his name.

The allegations do not rise to the level of a federal claim. The judgment at issue does not list Plaintiff's address, he was not the individual against whom judgment was

entered, and the judgment at issue was satisfied by someone other than Plaintiff. At most, Plaintiff alleges a negligent docketing error in inputting his address. Plaintiff's address is not listed on the judgment at issue.

Cutrona also contends this Court lacks jurisdiction because the Complaint does not raise a federal claim for federal question jurisdiction under 28 U.S.C. § 1331, and, given that Plaintiff resides in Delaware and Cutrona's principal place is in Delaware, there is not complete diversity among the parties as is required under 28 U.S.C. § 1332.

As discussed above, the Complaint does not raise any federal claims. Hence, there is no federal question jurisdiction. Plaintiff does not address the fact that the parties are not diverse. Because the Complaint does not state a cognizable federal claim and the parties are not diverse, the Court does not have jurisdiction over this matter.

Thus, I do not address any possible state law claims based on fraud or improper service of process.

**Amendment**. Given the stated factual basis for the lawsuit, there is no basis to believe that Plaintiff can amend his lawsuit to state a federal claim. Thus, permitting leave to amend would be futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and will grant Defendant Rachelle Cutrona's motion to dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction. (D.I. 5, D.I. 7).

An appropriate order will be entered.